**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRATAP SINGH RAWAT, AKA Mohammed Adnan Kawarit, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 09-70250 Agency No. A089-269-656 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 11, 2013
Pasadena, California

Before: GOODWIN, HAWKINS, and WARDLAW, Circuit Judges.

Pratap Singh Rawat seeks review of his claims for asylum and withholding

of removal.

Our review is limited to the underlying Board of Immigration Appeals

("BIA") order because "the BIA wrote its own decision and did not adopt the IJ's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

decision." *Aden v. Holder*, 589 F.3d 1040, 1043 (9th Cir. 2009). But even if we could "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion," *see Ahmed v. Keisler*, 504 F.3d 1183, 1190-91 (9th Cir. 2007), we would still deny the petition.

Asylum applicants bear the burden of proving past persecution or a well-founded fear of future persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010); *Zhao v. Mukasey*, 540 F.3d 1027, 1029-30 (9th Cir. 2008).

The BIA's factual determinations are reviewed for substantial evidence. *See Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). Under that standard, the court "upholds the BIA's determination unless the evidence in the record compels a contrary conclusion." *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (citation omitted) (internal quotation marks omitted); *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc).

The substantial evidence standard also applies to the BIA's adverse credibility determination. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011); *Singh-Kaur v. INS*, 183 F.3d 1147, 1149-50 (9th Cir. 1999). Similarly, we may not reverse the "BIA's conclusion that [an applicant] should have been able to obtain" corroborating evidence unless "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." *Shrestha v. Holder*, 590

F.3d 1034, 1047 (9th Cir. 2010) (citation omitted) (internal quotation marks omitted).

## DISCUSSION

In light of numerous concerns about the authenticity of Rawat's proffered affidavit and police complaint, the record does not compel reversing the underlying factual findings and evidentiary ruling regarding those documents. *See Cole*, 659 F.3d at 770. Taking into account the inherent plausibility of Rawat's testimony, multiple instances of inconsistent testimony, and the totality of the circumstances, the record does not compel reversing the underlying adverse credibility determination. *See id.*; *Singh-Kaur*, 183 F.3d at 1149-50. Moreover, a reasonable fact-finder would not be "compelled to conclude that" the cellular telephone records requested as "corroborating evidence" in this case were unavailable. *Shrestha*, 590 F.3d at 1047. Therefore, Rawat's challenge to the underlying BIA order fails.

Because Rawat has not established his eligibility for asylum, he is likewise "not eligible for withholding of removal, which imposes a heavier burden of proof." *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**DENIED.**

3